IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY GEORGE and BUDDY GEORGE,　　　　　　　　Civ. No. 05-6150-AA
husband and wife,
　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER
　　　　Plaintiffs,

　　v.

WESTERN HOMES CORPORATION, and
ALLIED PROPERTY AND CASUALTY
COMPANY aka ALLIED INSURANCE,
and AMCO INSURANCE COMPANY,

　　　　Defendants.
_____

AIKEN, Judge:

　　　　Plaintiffs filed suit against defendants alleging negligence arising from the defective construction of their manufactured home and the failure to hire a trained and certified professional to inspect and repair the resulting damage.

　　　　Defendant Western Homes Corporation (Western Homes) now moves for summary judgment, arguing that plaintiffs' claim against it is barred by the applicable statute of repose. In turn, plaintiffs move for partial summary judgment on several of Western Homes'

1　　- OPINION AND ORDER

affirmative defenses. Both motions are denied.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

nonmoving party.  T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Western Homes moves for summary judgment on grounds that plaintiffs' claim is barred by the applicable statute of repose for product liability actions.  Thus, the first question is whether plaintiffs' negligence claim against Western Homes is a product liability claim.

A "product liability civil action" is defined as including a "civil action brought against a manufacturer, distributor, seller or lessor of a product" for damages, injury or death arising from "[a]ny design, inspection, testing, manufacturing or other defect in a product . . . ."  Or. Rev. Stat. § 30.900(1).  In their Second Amended Complaint, plaintiffs allege:

> Western, as the manufacturer of the home, owed Plaintiffs certain duties, including duties of workmanship, to exercise reasonable care in the construction of the house, to construct the home in such a[] way as to be without patent or latent defects from defective materials or workmanship, and to avoid constructing the house in a manner that would render it harmful to its occupants.
>
> ***
>
> Western, acting through its authorized representatives, agents, employees and/or distributors, constructed the house in a careless and defective manner. Western installed the shingles, vents, skylights, flashings, fascia, and trim improperly, causing numerous leaks in the roof. As a result, the roof leaked in a number of places, including in and around roof vents and skylights, causing areas inside the ceilings and wall cavities of the house to become wet, and leading to mold contamination within the interior of the house.

3    - OPINION AND ORDER

Second Amended Complaint, pp. 2-3.

Plaintiffs' allegations, if true, would show that Western Homes' faulty installation or construction caused or created defects in the roof of their manufactured home, resulting in a defective product at the time of purchase. See Erickson Air-Crane Co. v. United Technologies Corp., 303 Or. 281, 286-87, 735 P.2d 614 (1987) (holding that § 30.905 "applies only to acts, omissions or conditions existing or occurring before or at the date on which the product was first purchased for use or consumption") (internal quotation marks omitted).

Nevertheless, plaintiffs argue that their claim does not constitute a product liability actions, because they allege negligent construction of a building rather than negligent manufacture of a product. I disagree. Generally, manufactured homes are not considered real property. See, e.g., Or. Rev. Stat. § 446.003(22). Further, manufactured homes are not constructed on site; two or three modular components are assembled. See Affidavit of Steve Harwood (Harwood Aff.), pp. 1-2. In this case, plaintiffs' home was manufactured off-site by Western Homes, was transportable when purchased, had a certificate of origin and vehicle identification number, and then was assembled and affixed to real property. See Harwood Aff., pp. 3-4 & Exs 1-2. Therefore, plaintiffs assert a product liability claim. See Jamison v. Spencer R.V. Center, Inc., 98 Or. App. 529, 531-32, 779 P.2d 1091

4   - OPINION AND ORDER

(1989) ("Product liability embraces all theories a plaintiff can adduce in an action based on a product defect, including theories of negligence.") (internal quotation marks and citation omitted).

As currently enacted, Or. Rev. Stat. § 30.905 provides:

(1) Except as provided in ORS 30.907 and 30.908 . . . a product liability civil action may not be brought for any death, personal injury or property damage that is caused by a product and that occurs more than eight years after the date on which the product was first purchased for use or consumption.

(2) Except as provided in ORS 30.907 and 30.908 . . . a product liability civil action for personal injury or property damage must be commenced not later than the earlier of:

    (a) Two years after the date on which the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product, or the causal relationship between the injury or damage and the conduct of the defendant; or

    (b) Ten years after the date on which the product was first purchased for use or consumption.[1]

In other words, a plaintiff cannot bring a product liability cause of action if the alleged damage occurred more than eight years after purchase of the product. Or. Rev. Stat. § 30.905(1). Even if the alleged damage occurred within eight years after purchase, a plaintiff must file suit within two years after discovery of the legal injury or within ten years after purchase of

---

[1] Or. Rev. Stat. §§ 30.907 and 30.908 govern product liability actions arising from asbestos and breast implants; they are not relevant here.

5    - OPINION AND ORDER

the product, whichever comes first.  Id. § 30.905(2).

However, the current version of § 30.905, as amended in 2003, applies "only to death, personal injuries or property damage that occurs on or after" January 1, 2004 - the effective date of the 2003 amendments to the statute.  2003 Or. Laws c. 768, § 2. Therefore, if plaintiffs' damages or injuries occurred prior to January 1, 2004, the former version of § 30.905 applies to plaintiffs' claim.

Under *former* § 30.905, subsection (1) bars a product liability action filed more than eight years after purchase of the product, but subsection (2) permits a plaintiff to file an action within two years after occurrence of the alleged damage or injury.  Or. Rev. Stat. § 30.905 (2001).  "If subsection (2) of 30.905 is read literally, the effect would be to nullify the effect of subsection (1) of the same section." Erickson Air-Crane Co., 303 Or. at 285 n.3, 735 P.2d 614.  To reconcile these provisions, the Oregon Court of Appeals interpreted *former* § 30.905 as "a statute of ultimate repose that contains an exception in limited circumstances" to "provide[] an additional period of up to two years [to file suit] for injuries *suffered* before the end of the eight years." Border v. Indian Head Indus., Inc., 101 Or. App. 556, 563-64, 792 P.2d 111 (1990) (emphasis added).

Thus, under either version of the statute, plaintiffs' damages or injuries must have occurred within eight years after purchase of

6    - OPINION AND ORDER

their manufactured home. If the current version of § 30.905 applies, plaintiffs were required to file suit within two years after *discovery* of their legal injury and not more than ten years after purchase of their home. In contrast, if *former* § 30.905 applies, plaintiffs were required to file suit within two years after *occurrence* of their alleged damage or injury. Gladhart v. Oregon Vineyard Supply Co., 332 Or. 226, 234, 26 P.3d 817 (2001) ("Accordingly, the limitation period expressed in [*former*] ORS 30.905(2) begins to run when the 'death, injury or damage complained of' happens, whether or not the plaintiff discovers the harm within the ensuing two years.").

Western Homes does not argue that plaintiffs' claim is barred because the alleged water and mold damage occurred more than eight years after purchase of the home. Rather, Western Homes asserts that plaintiffs' claim is barred because the alleged defect occurred at the time of construction and purchase of the home in 1995, and plaintiffs did not file suit within eight years after purchase. However, as explained above, the current version of § 30.905 does not require a plaintiff to file suit within eight years of purchase, and *former* § 30.905 contains an exception to the eight-year limitation if the damage or injury occurred within eight years of purchase.

Nevertheless, depending on when plaintiffs' alleged damages and/or injury occurred, their claim may be barred. Construing the

7   - OPINION AND ORDER

facts in favor of plaintiffs, they purchased their manufactured home in September 1995. See Harwood Aff., Ex. 3 (check from dealer to Western Homes). Thus, plaintiffs' alleged damage or injury must have occurred within eight years - prior to September 2003 - to be actionable under either version of § 30.905.

Plaintiffs allege that they discovered the defective roof and the causal relationship to Western Homes in April or May of 2004. If that is also when the damage or injury actually occurred, plaintiffs' claim is barred under § 30.905(1), because the alleged damage or injury occurred more than eight years after purchase of their manufactured home. On the other hand, if the damage occurred prior to September 2003, *former* § 30.905 applies, and plaintiffs must have filed suit within two years after occurrence of the damage or injury. In this case, plaintiffs filed suit on May 2, 2005; therefore, in order to be actionable, the alleged damages or injuries must have occurred after May 2, 2003.

To summarize: if plaintiffs' alleged damage or injury occurred in 2004 and the current version of § 30.905 applies, their claim is barred because the damage or injury occurred more than eight years after purchase of their manufactured home. Or. Rev. Stat. § 30.905(1). If plaintiffs' alleged damage or injury occurred prior to 2004 and *former* § 30.905 applies, plaintiffs' claim is barred unless the alleged damage or injury occurred after May 2, 2003 (two years before filing suit) and prior to September

8    - OPINION AND ORDER

2003 (within eight years after purchase of their manufactured home). Or. Rev. Stat. § 30.905(1),(2) (2001). In other words, plaintiffs' claim is actionable only if the alleged damage or injury actually occurred between May and September of 2003, assuming plaintiffs purchased their home in September of 1995.

Construing all facts in favor of plaintiffs, I find that questions of fact exist as to when plaintiffs' alleged damage or injury occurred. Plaintiff submitted evidence suggesting that damage caused by the defective roof might have occurred prior to April 2004. <u>See</u> Plaintiffs' Concise Statement of Facts, Ex. 2, p 1. However, it remains unclear whether such damage occurred after May 2003 but prior to September 2003. Therefore, Western Homes' motion for summary judgment is denied.

Plaintiffs move for summary judgment on several of Western Homes' asserted affirmative defenses.[2] In response, Western Homes withdraws the affirmative defenses of failure to state a claim, accord and satisfaction, waiver, estoppel, and laches. However, Western Homes does not withdraw its affirmative defenses based on the relevant statutes of limitations and repose or its affirmative defense that plaintiffs' damage was caused by the conduct of others. As discussed above, questions of fact remain as to whether

---

[2]Western Homes correctly notes that plaintiffs filed their motion six days beyond the dispositive motion deadline. However, given that Western Homes voluntarily withdraws some affirmative defenses and I deny plaintiffs' motion on the remaining defenses, I find no prejudice and will excuse their late filing.

9    - OPINION AND ORDER

plaintiffs' claim is barred by Or. Rev. Stat. § 30.905 (2001).

Further, I agree that the evidence of record raises questions of material fact as to whether the actions of others caused the damage alleged by plaintiffs. Contrary to plaintiffs' argument, Western Homes' Sixth Affirmative Defense does not allege tort liability against or seek indemnity or contribution from third parties. Rather, Western Homes asserts that others, including Allied Insurance, McMinnville Factory Homes, and/or Lee Marvin Construction, caused the damage or injury alleged by plaintiffs. Therefore, plaintiffs' motion is denied.

## CONCLUSION

Defendant Western Homes' Motion for Summary Judgment (doc. 78) and plaintiffs' Motion for Partial Summary Judgment (doc. 83) are DENIED.

IT IS SO ORDERED.

Dated this  21  day of July, 2007.


            /s/ Ann Aiken
              Ann Aiken
       United States District Judge

10   - OPINION AND ORDER